DeConcini McDonald Yetwin & Lacy, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Ph: (602) 282-0500
Fax: (602) 282-0520
E-mail: lhirsch@dmylphx.com

LAWRENCE D. HIRSCH (AZ # 004982)
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 11 |
|---|---|
| SIMONA MARIA TOLAN | Case No. 2:09-bk-05650 GBN |
| Debtor, | MOTION TO CLOSE CHAPTER 11 AND REQUEST TO COMPLETE FINAL REPORT |

Simona Maria Tolan(Debtor) moves this Court, pursuant to Fed. R. Bankr. P. 3022, for the entry of a final decree closing this case. This motion is supported by the attached memorandum of points and authorities.

Respectfully submitted this 4th day of June, 2010,

DECONCINI MCDONALD YETWIN & LACY, P.C.

/s/ Lawrence D. Hirsch, #004982
Lawrence D. Hirsch
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorney for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 3022 of the Federal Rules of Bankruptcy Procedure provides as follows:

> After an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest shall enter a final decree closing the case.

The Advisory Committee Notes to the 1991 Amendments accompanying Rule 3022, state:

> Entry of a final decree closing a Chapter 11 case should be not delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the Plan have been commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code. For example, on motion of a party in interest, the court may reopen the case to revoke the order of confirmation procured by fraud under § 1144 of the Code. If the plan or confirmation order provides that the case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for a specific purpose prior thereto, the case should remain open until that date or event.

In this case, the following facts support the entry of a final decree:

1. The court confirmed a plan of reorganization in this case on April 30, 2010

2. The plan has been substantially consummated in accordance with the terms and provisions of the plan.

2

3. All distributions will be made in accordance with the terms of the Plan. Future payments to administrative, secured and priority creditors will be made in accordance with the terms of the Plan. The Debtor has noticed an analysis of the unsecured claims and amounts have been made to the unsecured creditors. No further distributions are called for under the Plan to general unsecured creditors.

4. The Debtor and counsel, DeConcini McDonald Yetwin and Lacy (DMYL) have agreed that Debtor will pay DMYL over time after the final decree is entered. The Debtor is timely making those payments, and DMYL consents to the entry of the final decree subject to the Debtor continuing to pay outstanding fees and costs owing to DMYL.

5. The Debtor has taken the post-confirmation credit counseling course and the certificate has been filed with the court.

6. The Debtor has paid all quarterly fees as required by the United States Trustee's Office.

WHEREFORE, the Debtor requests the entry of a Final Decree in this matter.

Respectfully submitted this 4th day of June 2010,

DECONCINI MCDONALD YETWIN & LACY, P.C.

/s/ Lawrence D. Hirsch, #004982
Lawrence D. Hirsch
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorney for Debtor

A copy of the foregoing was transmitted this 4th day of June 2010, to:

Mailing Matrix

By: /s/ Linda Miernik
Legal Assistant to Lawrence D. Hirsch
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020